# IN THE COURT OF APPEALS OF IOWA

No. 18-2248
Filed April 14, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CORDARREL DONTYA SMITH,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Cordarrel Dontya Smith appeals the judgment and sentence entered on his convictions of two counts of sexual abuse in the second degree. **CONVICTIONS AND JUDGMENTS AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Following a group rape of two teenage girls at a house party in Waterloo in 2012,[1] the State charged Cordarrel Dontya Smith and others with sexual abuse and other crimes. Following a joint trial of Smith and two co-defendants,[2] the jury found Smith guilty of two counts of second-degree sexual abuse, two counts of conspiracy to commit second-degree sexual abuse, and four counts of third-degree sexual abuse. At sentencing, the district court merged the conspiracy charges into the second-degree sexual abuse charges pursuant to Iowa Code section 706.4 (2012)[3] and also merged the third-degree sexual abuse charges into the second-degree sexual abuse charges.[4] The mergers resulted in Smith being adjudicated guilty of and sentenced for two counts of second-degree sexual abuse only.

---

[1] The gap between the date of the crime and this appeal resulted primarily from a prior appeal. *See State v. Smith*, No. 14-0812, 2016 WL 146204, at *1 (Iowa Ct. App. Jan. 13, 2016), *vacated* 2017 WL 2291377, at *1 (Iowa May 25, 2017) (finding delay between taking defendant into custody without arrest and filing of trial information did not violate speedy indictment deadline).

[2] Additional details of the sexual assaults and the outcome of the trial for Smith's co-defendants are set forth in our court's decisions on the co-defendants' appeals. *See State v. Williams*, No. 18-2081, 2021 WL 593992, at *1–4 (Iowa Ct. App. Feb. 3, 2021); *State v. Washington*, No, 18-2092, 2021 WL 815865, at *1 (Iowa Ct. App. Mar. 3, 2021).

[3] Iowa Code section 706.4 states, in relevant part, "[a] person may not be convicted and sentenced for both the conspiracy and for the public offense."

[4] The four counts of third-degree sexual abuse consisted of two counts per victim, with one count based on incapacitation in violation of Iowa Code section 709.4(2)(a) and the other count based on an age gap of four or more years between the victim and Smith in violation of Iowa Code section 709.4(2)(c)(4). The State observes Smith received a "windfall" when the district court merged the third-degree sexual abuse guilty findings based on age difference into the second-degree sexual abuse convictions, as third-degree sexual abuse based on age is not a lesser-included offense of second-degree sexual abuse and has distinct elements. While the State's point may have merit, it is not an issue before us on this appeal, so we decline to address it.

The district court sentenced Smith to indeterminate terms not to exceed twenty-five years on each count and ordered the sentences to be served consecutively, resulting in a total term of incarceration not to exceed fifty years. Smith appeals, raising four issues: (1) there was insufficient evidence to support Smith's convictions for third-degree sexual abuse based on incapacitation; (2) the district court abused its discretion in imposing consecutive sentences; (3) the district court erred in finding Smith had the reasonable ability to pay court costs when the amount of such costs was unknown; and (4) the district court was without authority to order Smith to complete a sex offender treatment program as part of his sentence.

## I.        Sufficiency of the Evidence

Smith's challenge to the sufficiency of the evidence supporting his convictions for third-degree sexual abuse based on incapacitation fails for the most basic of reasons—the district did not enter judgment against Smith on the jury's finding of guilt for third-degree sexual abuse.  As previously noted, although the jury found Smith guilty of two counts of third-degree sexual abuse based on incapacitation of the two victims, the district court did not adjudicate Smith guilty of or sentence him for those offenses because the court merged them into the second-degree sexual abuse charges.  *See* Iowa Code § 701.9 (stating when offenses merge, "the court shall enter judgment of guilty of the greater of the offenses only").  No judgment having been entered against Smith for third-degree sexual abuse, whether there is or is not sufficient evidence would be of no force or effect in this case, so the issue is moot.  *See State v. Avalos Valdez*, 934 N.W.2d 585, 589 (Iowa 2019) ("The key in assessing whether an appeal is moot is

determining whether the opinion would be of force or effect in the underlying controversy." (quoting *Puntenney v. Iowa Utils. Bd.*, 928 N.W.2d 829, 840 (Iowa 2019))); *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("Courts exist to decide cases, not academic questions of law.  For this reason, a court will generally decline to hear a case when. . . the court's decision will no longer matter.  This is known as the doctrine of mootness.").  We do not consider moot issues on appeal unless an exception to the mootness doctrine applies.  *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234–35 (Iowa 2002).  Neither party argues that an exception to the mootness doctrine applies to Smith's sufficiency-of-the-evidence challenge, and we discern none on our review.  Therefore, we decline to further address Smith's sufficiency-of-the-evidence challenge.

## II.     Consecutive Sentences

As to Smith's challenge to the sentence imposed, Smith does not claim the sentence was outside statutory limits.  Therefore, our standard of review is to determine whether the district court abused its discretion, as the sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).  We do not second-guess the sentencing court's decision; rather, we determine if the sentencing "decision 'was exercised on grounds or for reasons that were clearly untenable or unreasonable.'"  *Id.* at 106 (quoting *Formaro*, 638 N.W.2d at 724).  A significant amount of latitude is given to sentencing judges due to "the 'discretionary nature of judging and the source of

respect afforded by the appellate process.'" *Id.* (quoting *Formaro*, 638 N.W.2d at 725).

Here, Smith's complaint is the district court imposed consecutive sentences without considering essential sentencing factors, claiming the district court's "sole consideration when sentencing Smith was the nature of the offenses." It is true that the sentencing judge is required to give reasons for imposing consecutive sentences. *See State v. Evans*, 671 N.W.2d 720, 727 (Iowa 2003). It is also true that the sentencing judge must consider multiple factors and no single factor is determinative. *See Damme*, 944 N.W.2d at 106 (noting sentencing court must weigh multiple factors with the goal of maximizing opportunity to rehabilitate the defendant and protect the community); *see also* Iowa Code § 901.5 (same); *State v. McKeever*, 276 N.W.2d 385, 387–88 (Iowa 1979) (noting each sentencing "decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative").

While we generally agree with Smith's statement of the applicable legal principles, we disagree with his claim the district court violated them in sentencing him. It is Smith's burden to show an abuse of discretion. *See State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). That he has not done. It should be noted that the two crimes for which Smith was sentenced were both forcible felonies making him ineligible for a deferred judgment, deferred sentence, or suspended sentence. *See* Iowa Code §§ 702.11 (defining any felonious sexual abuse as a forcible felony, except for certain forms of third-degree sexual abuse); 907.3 (making this section that otherwise permits a deferred judgment, deferred sentence, or suspended sentence inapplicable to forcible felonies). Therefore, there was no discretion

about imposition of a twenty-five-year prison sentence for each charge, and the only fighting issue at sentencing was whether the sentences would be served concurrently or consecutively. The district gave the following reasons for imposing consecutive sentences:

> Mr. Smith, I'm going to order that these run consecutively to each other for a total of fifty years. There are two victims in this case. There were two actions—or two individuals whose lives were changed immediately that night. The other people involved in this case, one was under eighteen and one had just turned eighteen, that had been charged. This was your house. You were the adult. From—from everything that was said during the trial, you knew what was going to happen to those two fifteen-year-old girls when they went down in your basement, and you simply allowed it to happen. And you were involved in it is what the jury found, but even not, you knew what was going on. It is completely contrary to the letters that I received from—from people in support of you. Everything that I've seen from you during the trial and throughout this matter basically backs up what the letters said, that you're hard-working, you're a good man, but then you allowed this to go on in your house, and you were—you were part of it. The court just—it is an odd dichotomy that we see there in that, but the court determines that consecutive sentences are appropriate in this matter for that reason.

The above statements show the district court placed weight on the nature of Smith's offenses. The nature of the offenses and the attending circumstances are appropriate factors to consider. *See Formaro*, 638 N.W.2d at 724–25. How much weight to give that factor is part of "the discretionary nature of judging and the source of the respect afforded by the appellate process." *Id.* at 725. Here, the district court's decision to place weight on the nature of the offenses and the attending circumstances was reasonable given the appalling nature of the offenses and Smith's key involvement in them.

Moreover, contrary to Smith's claims, the district court did not focus entirely on the nature of the offenses. The sentencing colloquy shows the district court

also considered Smith's age, his employment (noting Smith was hard-working), and the information contained in the character-reference letters that caused the district court to note Smith was "a good man." In addition to the factors noted during the sentencing colloquy quoted above, the written sentencing order that followed noted the "sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the [presentence investigation report], if any." *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (permitting review of the sentencing colloquy in combination with the written sentencing order to determine whether sufficient reasons for the sentence imposed were given); *State v. Johnson*, 445 N.W.2d 337, 344 (Iowa 1989) (same).[5] In spite of the noted positive attributes, the district court determined consecutive sentences were appropriate. We find no abuse of discretion in that decision.

## III. Sentencing Issues—Sex-Offender Treatment and Restitution

During the course of imposing the sentences for Smith's crimes, the court referenced Smith being required to "attend the sexual offenders treatment

---

[5] *State v. Johnson* was overruled on a separate issue in *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). In *Hill*, the supreme court confirmed that sentencing courts are encouraged to give more detailed reasons for a sentence specific to a defendant and are required to explicitly state the reasons for imposing consecutive sentences, although in doing so the sentencing court may rely on the same reasons for imposing a sentence of incarceration. 878 N.W.2d at 274. *Hill* overruled *Johnson* on the issue of whether appellate courts are allowed to infer the reasons for consecutive sentences are the same as the reasons for the sentence in general as part of the overall sentencing plan, holding that such an inference is improper. *Id.* *Hill* does not overrule *Johnson* on the issue of whether the record to review to determine whether adequate reasons for imposing consecutive sentences were stated includes the sentencing colloquy, sentencing order, and presentence investigation report referred to by the district court.

program." This reference was repeated in the written sentencing order that followed, which included a provision that "Defendant shall pay a civil penalty of $250 complete SOTP [sex offender treatment program] and register as a sex offender as required by Iowa Code [chapter] 692A." Smith contends the district court "lacked authority to require treatment as part of his sentence and that this renders this portion of his sentence illegal." *See State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015) ("[S]entences imposed without statutory authorization are illegal and void."); *see also* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."). The State concedes the district court was without authority to require Smith to complete the sex offender treatment program as part of his sentence and acknowledges the case should be remanded for the limited purpose of correcting this error. We agree with the State's concession and vacate that portion of the sentencing order requiring Smith to complete sex offender treatment.[6]

Smith also asserts the district court erred in ordering him to pay court costs without determining his reasonable ability to pay and without knowing what those costs are. *See State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). Although legislation has changed the *Albright* landscape,[7] Smith was sentenced before the

---

[6] The department of corrections may still require Smith to participate in the sex offender treatment program, but that decision is within the authority of the department, not the district court. *See* Iowa Code §§ 903A.2, .4; *see also Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010) (noting Iowa Code section 903A.4 states the director of the department of corrections is to develop policies and rules to implement programming for inmates and the department has "broad discretion" to determine participation in the sex offender treatment program).

[7] *See* 2020 Iowa Acts ch. 1074, § 72 (codified at Iowa Code § 910.2A (Supp. 2020)) (enacting portions of Senate File (SF) 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full

effective date of the legislation. Therefore, we apply *Albright*, 925 N.W.2d at 158*.* We vacate that portion of the sentencing order requiring Smith to pay restitution in the form of court costs and remand for further proceedings in accordance with *Albright.*

**CONVICTIONS AND JUDGMENTS AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

---

amount of category 'B' restitution"); *see also State v. Hawk*, 952 N.W.2d 314, 319 (Iowa 2020) ("Having concluded that we would have jurisdiction to consider Hawk's appeal under both our pre-SF 457 jurisprudence and under the new provisions enacted in SF 457, we need not, and do not, dive into the morass of whether SF 457 applies retroactively to cases on appeal prior to its enactment."); Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶ (C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").